UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Clyburn Leroy Moses**, #20462-057, | C/A No. 4:07-476-RBH-TER |
| Petitioner, | |
| vs. | |
| Michael Pettiford, Warden at FCI Bennettsville, | **Report and Recommendation** |
| Respondent. | |

## Background

The petitioner, Clyburn Leroy Moses, proceeding *pro se*, brings this action for habeas relief pursuant to 28 U.S.C. § 2241, and he filed a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915.[1] Petitioner is a federal prisoner at F.C.I. Bennettsville in Bennettsville, South Carolina, and it appears that he named as the respondent the warden who is his custodian.

The petitioner alleges that he pled guilty in the Middle District of North Carolina (M.D.N.C.) to a violation of 21 U.S.C. § 841, possession with the intent to distribute cocaine base, and to a violation of 18 U.S.C. § 924(c)(1), using or carrying a firearm during and in relation to a drug trafficking offense. A review of the documents filed by petitioner show that the criminal offenses occurred in Albemarle, North Carolina, around January 12, 2000, and the criminal judgment was entered on September 6, 2000. He alleges that he appealed his case to the Fourth Circuit which affirmed his convictions on August 3, 2001. The petitioner alleges that he filed a § 2255 petition in the district court in the Middle

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

District of North Carolina and that the petition was denied on July 26, 2002. He then filed a motion in the M.D.N.C. district court pursuant to 18 U.S.C. § 3582 presumably seeking to challenge his conviction or sentence; that motion was pending as of the date this § 2241 action was filed.

This case is subject to summary dismissal because a § 2241 petition is not the appropriate procedural vehicle for the petitioner to attack the imposition of his conviction and sentence, and the § 2255 "savings clause" does not apply to this case.

## *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *See* Fine v. City of New York, 529 F.2d 70, 74 (2d Cir.

1975). However, even under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See* Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990).

## Discussion

Title 28, Chapter 153 of the United States Code provides a statutory framework for federal post-conviction relief from judgments of conviction. Under this framework, those convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by proceeding under 28 U.S.C. § 2255:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Id.

Although the instant petition is brought pursuant to § 2241, the allegations represent a collateral attack upon a conviction and sentence imposed by the district court in the Middle District of North Carolina. The petitioner is not attacking the execution or implementation of his sentence; he is seeking to invalidate his federal conviction and sentence for possession of cocaine base with intent to distribute and using or carrying a firearm during and in relation to a drug trafficking offense. This kind of attack is more properly reserved for a petition filed pursuant to § 2255 in the sentencing court, *see* In re Vial, 115 F.3d 1192 (4th Cir. 1997), instead of a petition filed pursuant to § 2241 in the

3

circuit of incarceration.[2]  As the petitioner was sentenced in the Middle District of North Carolina, under § 2241 jurisprudence, the issues raised herein would not usually be within the jurisdiction of this Court.  See Miller v. United States, 564 F.2d 103, 105 (1st Cir. 1977); Lee v. United States, 501 F.2d 494, 500 (8th Cir. 1974).

    A petition under § 2241 is available for a federal prisoner to collaterally attack his conviction and sentence only when a motion under § 2255 is "inadequate or ineffective to test the legality of his detention;" this provision is known as the "savings clause."  28 U.S.C. § 2255.  The petitioner alleges that he previously filed a § 2255 motion with the sentencing court.  Because of the "gatekeeping" amendments effected by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), in order to bring a "second or successive" motion under § 2255, petitioner must receive permission to do so from the court of appeals in which circuit the district court sits, in this case, the Fourth Circuit.  See 28 U.S.C. § 2255; 28 U.S.C. § 2244(a).

    The Fourth Circuit has unequivocally held that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision.  A contrary rule would effectively nullify the gatekeeping provisions."  In re Jones, 226 F.3d 328, 333 (4th Cir. 2000).  Nonetheless, the Court concluded, "there must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless."  Id.

---

[2] A writ under § 2241 by a federal prisoner must be brought only in a district court with jurisdiction over the prisoner or his custodian.  Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973); see also § 2241(a).   Generally, "only matters concerning the conditions of confinement or the execution of a sentence are within the subject matter jurisdiction of the court presiding in the district in which a prisoner is incarcerated."  DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986).

In only one scenario has the Fourth Circuit deemed "§ 2255 inadequate and ineffective to test the legality of a conviction:"

> [W]hen: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34. Liberally construed, it appears that the petitioner attempts to fall within the Jones scenario by alleging "newly discovered evidence," "actual innocence," and "new rule of constitutional law."[3] He claims that the United States Supreme Court in Bailey v. U.S., 516 U.S. 137 (1995), created a new rule which favorably applies to his case. However, Bailey was decided in 1995, and therefore the Bailey rule would have been known to the M.D.N.C. district court during the criminal proceedings in 2000 and to the Fourth Circuit Court of Appeals during the direct appeal in 2001. Moreover, the sentencing court could have addressed any Bailey issue during the first § 2255 action decided in 2002.

The petitioner further alleges that he did cooperate with the government but that they failed to move for a downward departure. This claim should be filed with the sentencing court in the M.D.N.C. to enforce the plea agreement. A habeas petition pursuant to § 2241 is not the proper vehicle to attack his plea agreement, and this claim does not fit within the limited circumstances of the "savings clause." Similarly, the petitioner's claims that his indictment was defective and that the government failed to prove that the substance found was crack cocaine do not come within the "savings clause." The

---

[3] Notably, a review of all exhibits submitted by petitioner does not reveal any facts which could be newly discovered evidence or which support his claim of actual innocence.

5

facts related to these issues have been evident from the beginning of petitioner's criminal proceeding, and these claims could have been raised in the first § 2255 petition.

Because the petitioner's claims are not cognizable under § 2241, and the "savings clause" of 28 U.S.C. § 2255 does not apply to the petitioner's circumstances, this action should be dismissed *without prejudice* so that the petitioner can continue with his pending 18 U.S.C. § 3582 action filed in the M.D.N.C., and if he has not yet done so, he can request permission to file a successive § 2255 petition from the Fourth Circuit Court of Appeals.

### Recommendation

Accordingly, **it is recommended** that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. See Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); and 28 U.S.C. § 1915.

**The petitioner's attention is directed to the important notice on the next page.**

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 16, 2007
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).